Lawrence M. Rolnick
Marcela A. Kirberger
**LOWENSTEIN SANDLER PC**
Attorneys for Defendants
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARBINET-THEXCHANGE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALEXANDER MASHINSKY AND ROBERT MARMON, <br><br> Defendants. | Civil Action No. 06-cv-1916 (JLL) <br><br> DOCUMENT FILED ELECTRONICALLY |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Alexander Mashinsky and Robert Marmon (collectively, the Defendants"), by and through their undersigned attorneys, answer the Verified Complaint for Injunctive Relief (the "Complaint") as follows:

1. Defendants deny the allegations of paragraph 1 of the Complaint, except admit that plaintiff purports to bring this action seeking equitable relief for breach of contract, breach of fiduciary duty, misappropriation of trade secrets and confidential information, aiding and abetting breach of fiduciary duty, tortious interference with contractual obligations and copyright infringement.

2. The allegations in paragraph 2 of the Complaint are statements and/or legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in paragraph 2 of the Complaint.

3. The allegations contained in paragraph 3 of the Complaint are statements and/or legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. The allegations contained in paragraph 4 of the Complaint are statements and/or legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in the first sentence of Paragraph 5 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in the first sentence of Paragraph 6 of the Complaint and state that Alexander Mashinsky is a citizen of Tennessee. Defendants admit the allegations contained in the second sentence of Paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint and state that Alexander Mashinsky acted as Arbinet's CEO and Chairman until December 1999, and remained a Director on the Board and a consultant to Arbinet until June 2004.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint. Defendants refer the Court to the information and documents for their true and accurate content, which speak for themselves.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint. Defendants refer the Court to the November 8, 2003 document for its true and accurate content, which speaks for itself.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint. Defendants refer the Court to the July 9, 2004 document for its true and accurate content, which speaks for itself.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants refer the Court to the March 21, 2006 Preliminary Proxy Statement for its true and accurate content, which speaks for itself.

14. Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15. Defendants admit that they had in their possession a document entitled "Assessment of Vertical Market Opportunities," (the "Confidential Document," as defined by Plaintiff) dated September 2, 2001. Defendants further state that they have returned all copies of this document to Plaintiff. Defendants refer the Court to the Confidential Document for its true and accurate content, which speaks for itself. Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint. Defendants refer the Court to the Confidential Document for its true and accurate content, which speaks for itself.

17. Defendants refer the Court to the Confidential Document for its true and accurate content, which speaks for itself.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint. Defendants refer

the Court to the Confidential Document for its true and accurate content, which speaks for itself.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint. Defendants refer the Court to the Confidential Document for its true and accurate content, which speaks for itself.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint. To the extent a response is necessary, Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants admit that they had in their possession a document entitled "Assessment of Vertical Market Opportunities," (the "Confidential Document," as defined by Plaintiff) dated September 2, 2001. Defendants further state that they have returned all copies of this document to Plaintiff. Defendants refer the Court to the Confidential Document for its true and accurate content, which speaks for itself. Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained the first sentence of Paragraph 24 of the Complaint. As for the remaining allegations in Paragraph 24 of the Complaint, Defendants refer the Court to the Preliminary Proxy Statement filed with the SEC for its true and accurate content, which speaks for itself.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint. Defendant refers the Court to the April 13, 2006 letter and e-mail for their true and accurate content, which speak for themselves.

27. Defendants deny the allegations contained in the second sentence of Paragraph 27 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Complaint. Defendants refer the Court to the confidentiality, investors' rights, consulting, and settlement agreements for their true and accurate content, which speak for themselves.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

## CLAIM I
### (Breach of Contract against Defendant Mashinsky)

29. With respect to Paragraph 29 of the Complaint, Defendants repeat their response to Paragraphs 1 through 28 of the Complaint and incorporate them by reference herein.

30. The allegations contained in Paragraph 30 of the Complaint are statements and/or legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 30 of the Complaint and refer the Court to the Contract for its true and accurate content, which speaks for itself.

31. The allegations contained in Paragraph 31 of the Complaint are statements and/or legal conclusions to which no response is required. Defendants refer the Court to the Contract for its true and accurate content, which speaks for itself.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

## CLAIM II
### (Breach of Fiduciary Duty against Defendant Mashinsky)

35. With respect to Paragraph 35 of the Complaint, Defendants repeat their response to Paragraphs 1 through 34 of the Complaint and incorporate them by reference herein.

36. Defendants refer the Court to the documents provided to Alexander Mashinsky for their true and accurate content, which speak for themselves.

37. The allegations contained in Paragraph 37 of the Complaint are statements and/or legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

## CLAIM III
### (Misappropriation of Trade Secrets and Confidential Business Information against both Defendants)

40. With respect to Paragraph 40 of the Complaint, Defendants repeat their response to Paragraphs 1 through 39 of the Complaint and incorporate them by reference herein.

41. The allegations contained in Paragraph 41 of the Complaint are statements and/or legal conclusions to which no response is required. Defendants refer the Court to the Confidential Document for its true and accurate content, which speaks for itself.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint. Defendants refer the Court to the business plans, market information, development strategies, and financial information for their true and accurate content, which speak for themselves.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

### CLAIM IV
### (Aiding and Abetting Defendant Mashinsky's Breach of Fiduciary Duty against Defendant Marmon)

47. With respect to Paragraph 47 of the Complaint, Defendants repeat their response to Paragraphs 1 through 46 of the Complaint and incorporate them by reference herein.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

### CLAIM V
### (Tortious Interference with Defendant Mashinsky's Contractual Obligations against Defendant Marmon)

52. With respect to Paragraph 52 of the Complaint, Defendants repeat their response to Paragraphs 1 through 51 of the Complaint and incorporate them by reference herein.

53. The allegations contained in Paragraph 53 of the Complaint are statements and/or legal conclusions to which no response is required. Defendants refer the Court to the Consulting Agreement and the Settlement Agreement for their true and accurate content, which speak for themselves.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

## CLAIM VI
### (Conversion against all Defendants)

57. With respect to Paragraph 57 of the Complaint, Defendants repeat their response to Paragraphs 1 through 56 of the Complaint and incorporate them by reference herein.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

## CLAIM VII
### (Copyright Infringement against all Defendants)

61. With respect to Paragraph 61 of the Complaint, Defendants repeat their response to Paragraphs 1 through 60 of the Complaint and incorporate them by reference herein.

62. The allegations contained in paragraph 62 of the Complaint are statements and/or legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief may be granted.

#### SECOND AFFIRMATIVE DEFENSE

None of the information at issue in the Plaintiff's Complaint constitutes trade secrets.

#### THIRD AFFIRMATIVE DEFENSE

Plaintiff sustained no damages as a result of the actions, conduct or behavior of Defendants.

#### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff sustained damages, which Defendants deny, any such damages were caused through, or were the result of, the actions or inactions of a third party or parties over whom Defendants have no control or right to control, and for whose actions or inactions Defendants are not liable.

#### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands and other principles of equity.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on the ground that no duty existed on the part of the Defendants, or, in the alternative, Defendants did not breach any duty it owed Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any additional defenses which may arise in the course of discovery or trial in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

a.   Dismissing the Complaint with prejudice;

b.   Awarding Defendants attorneys' fees and other costs of defense; and

c.   Granting such other and further relief as the Court deems just and proper.

Dated: May 19, 2006

                                             LOWENSTEIN SANDLER PC

                                    By:    s/Lawrence M. Rolnick
                                                 Lawrence M. Rolnick, Esq.
                                                 65 Livingston Avenue
                                                 Roseland, New Jersey 07068
                                                 Tel.: 973.597.2500
                                                 Fax: 973.597.2451

                                             Attorneys for Defendants Alexander
                                             Mashinsky and Robert A. Marmon

## LOCAL CIVIL RULE 11.2 INITIAL CERTIFICATION

I hereby certify that the subject matter of this proceeding is not the subject of any other pending court action, or of any pending arbitration or administrative proceeding. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 19, 2006     LOWENSTEIN SANDLER PC

By:     s/Lawrence M. Rolnick
        Lawrence M. Rolnick, Esq.
        65 Livingston Avenue
        Roseland, New Jersey 07068
        Tel.: 973.597.2500
        Fax: 973.597.2451

        Attorneys for Defendants Alexander
        Mashinsky and Robert A. Marmon