**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>MADELINE COX ARLEO<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

September 28, 2006

Mr. Brian Wamsley, Esq.         Mr. Lawrence Rolnick, Esq.
Goodwin Proctor LLP         Lowenstein Sandler PC
599 Lexington Avenue         65 Livingston Avenue
New York, New York 10022         Roseland, New Jersey 07068

**LETTER ORDER AND OPINION TO SEAL**

Re:    <u>Arbinet-thexchange, Inc. v. Alexander Mashinsky, et al.</u>
      <u>Civil Action No.: 06-1916 (SDW)</u>

Dear Counsel:

This matter comes before the Court upon the Motion of Plaintiff, Arbinet-thexchange, Inc. ("Arbinet"), seeking an Order to Seal materials contained within an exhibit submitted in support of Plaintiff's recently filed Motion for Expedited Scheduling Order and Motion for Preliminary Injunction, pursuant to L. Civ. R. 5.3(c). Specifically, Plaintiff seeks to file under seal a document entitled, "Assessment of Vertical Opportunities" dated September 20, 2000 and September 2, 2001, respectively. Defendants oppose this Motion. No oral argument was heard. R. 78.

Having reviewed the parties' submissions, for good cause shown, and for the reasons set forth below, Plaintiff's Motion for an Order to Seal is hereby **GRANTED**.

**I.   Background**

Plaintiff Arbinet-thexchange, ("Arbinet"), is a company that provides electronic exchange through which its member customers, (telecommunications companies) buy and sell voice calls and uses internet capacity through its centralized marketplace. Its initial public offering took place in December 2004, and the company has since expanded into new markets. (Hockemeier Aff., ¶ 2)

This litigation involves, among other allegations, Plaintiff's claim that Defendants received and had access to a document entitled "Assessment of Vertical Opportunities" and other confidential and trade secret information of Plaintiff. Plaintiff alleges misuse of the information and disclosure to third parties. Plaintiff states that defendant Alexander Mashinsky was a former Chief Executive Officer, Director and Vice-Chairman of Plaintiff. He was a member of the Board of Directors from sometime in 1996 until his resignation on May 6, 2004. He was also a consultant for Plaintiff. On July 9, 2004, defendant Mashinsky entered into a settlement agreement with Plaintiff which included

a confidentiality provision. The provision stated that he has a continuing obligation to safeguard Plaintiff's confidential information. Defendant Mashinsky had access to a significant amount of proprietary information during his tenure with Plaintiff including patent applications, intellectual property information, marketing strategy information, and internal analysis of various market, businesses and customers. Defendant Robert Marmon was as a member of the Board of Directors of Arbinet Holdings, Inc., which became Arbinet through a name change. (Hockemeier Aff.)

Plaintiff claims that the document at issue here contains an in-depth analysis of market opportunities, potential business initiatives, and the company's internal strategy for future growth. Plaintiff also argues that if the document is not sealed, the public will have access to sensitive information, and there is no alternative way to protect Plaintiff's legitimate privacy interests except by sealing.

## II.     Analysis

New Jersey Local Civil Rule 5.3(c)(2) provides:

> Any motion to seal or otherwise restrict public access shall be available for review by the public. The motion papers shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, ©) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

L.Civ.R. 5.3(c)(2).

The Rule further provides that any opinion on a motion to seal shall include findings on the facts as set forth above. Id.

### A.     The Nature Of The Materials Or Proceedings At Issue

As stated above, the document in question is entitled "Assessment of Vertical Market Opportunities." It is an 86-page presentation that contains an in-depth analysis of available market opportunities identified by Plaintiff to expand and develop its customer markets. It also describes potential tactical business initiatives and the company's current internal strategy for future market development and competitive positioning. The document will be used as an exhibit in conjunction with the dispositive motion filed by Defendants and is necessary to assist this Court in determining whether the document is the same or virtually the same as that which Plaintiff alleges Defendants misappropriated.

### B.     The Legitimate Private or Public Interests Which Warrant The Relief Sought

This Court finds the "Assessment of Vertical Market Opportunities" document contains sensitive information, including the internal strategy for the further development of Plaintiff's business, and a view into the company's direction and marketing efforts. (Hockemeier Aff., ¶ 7)

Also included in the document is the company roadmap for technological and marketing plans. (Id.) Accordingly, this Court finds that Plaintiff possesses a legitimate privacy interest in preventing the document from being disseminated to the general public.

### C. The Clearly Defined And Serious Injury That Would Result If The Relief Sought Is Not Granted

This Court further finds that, unless the relief sought is granted, Plaintiff's competitors and potential competitors will have access to proprietary information about the company, including, but not limited to, its competitive strategies and assessments of business opportunities. In addition, Plaintiff's Board of Directors is charged with protecting the company and shareholder's interests by maintaining a competitive position in the marketplace. If the document is made public, Plaintiff's ability to protect its trade secrets and future business strategies would result in serious and irreparable harm to its future viability in the technology market. (Hockemeier Aff., ¶ 12)

### D. Why A Less Restrictive Alternative To The Relief Sought Is Not Available

Finally, as noted above, unless the relief sought is granted, the public will have access to the document once it is filed with this Court as an exhibit to Defendants' motion papers. One of the issues in this dispute is whether this document is the same as that which Plaintiff alleges was misappropriated by Defendants. Only by examining the two documents side by side will this Court be able to discern if they are the same, and also whether the document indeed contains proprietary information that should not be publically disclosed. Therefore, this Court finds that because it is essential that the document be examined, no less restrictive alternative exists for the relief sought by Plaintiff.

### III. Decision

This Court finds that, because the interests in protecting the propriety rights of Plaintiff outweigh any concern over public access to the document containing sensitive information, and the public will suffer no adverse effect from a lack of access, the relief sought meets the standard set forth in Local Civil Rule 5.3(c)(2). Accordingly, Plaintiff's Motion for an Order to Seal Materials is **GRANTED**.

**SO ORDERED**.

s/Madeline Cox Arleo
**MADELINE COX ARLEO**
**United States Magistrate Judge**

cc:  Hon. Susan D. Wigenton, U.S.D.J.
     Clerk
     All parties
     File